Haxhari v. Holder
BIA
A095 467 979
A095 467 980

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of August, two thousand twelve.

PRESENT:
ROBERT D. SACK,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

ALTIN HAXHARI, RITA HAXHARI,

*Petitioners,*

v.                                                    11-2450
                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONERS:        Saul C. Brown, New York, N.Y.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; William C. Peachey,
                        Assistant Director; Jonathan
                        Robbins, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Altin and Rita Haxhari, natives and citizens of Albania, seek review of the May 26, 2011, decision of the BIA denying their motion to reopen. *In re Altin Haxhari, et al.*, Nos. A095 467 979/980 (B.I.A. May 26, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Altin Haxhari's February 2010 motion was untimely and number-barred, as it was his second motion to reopen and was filed more than six years after the BIA's final administrative decision.[*] *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time and number limitations, however, do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Here, the BIA determined that Haxhari demonstrated changed circumstances arising in Albania, excusing the time and number limitations on his motion to reopen, but denied the motion because he did not show *prima facie* eligibility for the relief sought. The BIA's denial of Haxhari's motion to reopen was not an abuse of discretion. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

The BIA's finding—that the evidence Haxhari submitted in support of his claim was not material because it failed to establish his *prima facie* eligibility for asylum—is supported by substantial evidence. *See Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008). While Haxhari provided evidence that Pjeter Kola set his family home on fire, he did not provide any evidence that the underlying dispute is based on a protected ground. All accounts indicate that the

---

[*]The claims of Altin Haxhari's wife, Rita, are entirely derivative of his claim.

disagreement between the Kola family and the Haxhari family relates to the ownership of a particular piece of property. *See* 8 U.S.C. § 1158(b)(1)(B) (personal retribution is not a ground upon which asylum can be granted)*; Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("[A] well-founded fear of persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground.").

Moreover, Haxhari provided evidence that Kola was arrested and detained after he set the house on fire and that the Committee of Nationwide Reconciliation was mediating the feud between the two families. Consequently, as the BIA found, Haxhari did not show that the Albanian government was unable or unwilling to protect individuals from blood feuds. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (recognizing that private acts can give rise to persecution if the government is shown unwilling to control such actions). Accordingly, the BIA did not abuse its discretion in denying Haxhari's motion to reopen because his evidence failed to establish a *prima facie* case for asylum. *See Abudu*, 485 U.S. at 104-05.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk